# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEONDRA MONTREL CHESTANG,
ADC #134005                                                                   PLAINTIFF

5:16CV00198-BSM-JTK

SHERMAINE S. TROTTER, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition was sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such

a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.  Introduction**

Plaintiff KeOndra Chestang is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging sexual assault, excessive force, and denial of due process in conjunction with a disciplinary charge and conviction. He requested monetary and injunctive relief. The Court previously dismissed several Defendants and the following claims: false disciplinary, and denial of due process with respect to his placement in administrative segregation, classification committee decisions, and disciplinary hearing. (Doc. Nos. 19, 46).

Pending before the Court is the Motion for Summary Judgment, Brief in Support

and Statement of Facts filed by remaining Defendants Bolden and Trotter (Doc. Nos. (Doc. Nos. 59-61), and Plaintiff's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 64-66). Defendants filed responses to Plaintiff's Motion (Doc. Nos. 69-71), and Plaintiff filed an additional Response to Defendants' Motion (Doc. No. 79).[1]

## II. Complaint

Plaintiff alleged that on January 14, 2016, he entered the infirmary, where Defendant Trotter physically and sexually assaulted him when she conducted a search of his person. (Doc. No. 2, p. 8). He claimed she groped his shoulders and inner calf muscles up his thighs without reasonable cause (Id., p. 12). After Plaintiff left the infirmary, Trotter called him back and searched him a second time in the same manner. (Id., p. 8) At that point, Plaintiff grabbed Trotter's outer coat by both sides at the bottom and demanded that she shake him down correctly. (Id.) Trotter then punched/elbowed him in the upper stomach and punched him in the side of the face. (Id.) Plaintiff later noticed that the assault caused a cut inside his mouth with minor swelling and bleeding. (Id.)

Plaintiff relayed the incidents to Defendant Bolden, who ordered Plaintiff be locked down pending an investigation. (Id.) Defendant Trotter filed a false disciplinary charge against Plaintiff and Plaintiff was convicted of two offenses. (Id., p. 9) Plaintiff claimed that Trotter sexually assaulted him and used excessive force against him in violation of the

---

[1] By Order dated October 2, 2017, this Court granted Plaintiff's Motion for Production of Evidence, and directed Defendants to arrange for his review of any video footage of the incidents at issue (Doc. No. 77). According to documents filed by the parties, no video footage exists of the first pat search, and Plaintiff reviewed video footage of the second pat search on October 24, 2017 (Doc. Nos. 81, 83).

Eighth Amendment, and Defendant Bolden violated the Fourteenth Amendment due process clause by failing to properly investigate the incidents. (Id., pp. 12-13)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

Defendants ask the Court to dismiss Plaintiff's complaint against them based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

### 1)    Shermaine Trotter

Plaintiff's sexual assault allegations against Defendant Trotter are based on the two pat-down searches conducted on January 14, 2016, in the infirmary. Defendant Trotter stated that she was employed as a security officer at the time and her job duties included

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

controlling inmate movement in the infirmary, maintaining the infirmary security and sign-in logs, and searching all inmates prior to entering and exiting the infirmary. (Doc. No. 59-4, pp. 1-2) When Chestang first entered the infirmary on January 14, 2016, she conducted a pat search of his person. (Id., p. 2) After he left the infirmary, the dental hygienist asked her to call him back. (Id.) Trotter then conducted a second pat search, which did not involve touching him in a sexual manner. (Id.) Plaintiff told her he would touch her the way she should be touched, and grabbed the sides of her coat. (Id.) Trotter then lightly touched him in the stomach and on the left side of his face and called for assistance. (Id.) Defendant Bolden responded and Trotter charged Plaintiff with four disciplinary violations. (Id.)

According to Defendant Bolden, the ADC policy which governs searches of inmates, Administrative Directive (AD) 11-24, permits searches of inmates as often as necessary to control contraband. (Doc. No. 59-1, p. 2) The policy defines a pat search as "a clothed body search consisting of an individual's garments and personal effects ready at hand and the surface of the individual's body and the area within the individual's immediate control." (Id., Doc. No. 59-2, p. 2) Bolden stated that pat searches may be conducted by an employee of either gender and may be performed at any time in any area of the facility. (Doc. No. 59-1, p. 2; Doc. No. 59-2, p. 3) Administrative Regulation (AR) 409 governs the use of force, and authorizes force only to the extent necessary to maintain order and discipline, and to ensure the safety of persons and the security of operations.

(Doc. No. 59-1, p. 2; Doc. No,. 59-3, p. ) The regulation defines force as a directed movement or overt action with or without weapons or devices, with intention of restraining, regaining, or maintaining control of an inmate. (Doc. No. 59-3, p. 1)  Bolden also stated that non-deadly force may be used to maintain order, discipline, and compliance with orders. (Doc. No. 59-1, p. 3; Doc. No. 59-3, p. 2)

Bolden stated that the video camera footage of the second incident showed Chestang grabbing the side of Trotter's coat and Trotter reacting by lightly touching Chestang in his torso area and face. (Id., p. 4)  In addition, when Bolden interviewed Chestang about the incident, he did not state that Trotter sexually assaulted him or used excessive force against him, did not report any injuries, and did not appear to be injured or under distress. (Id.)

Based on Plaintiff's description of the events, these Declarations, and the video of the second incident (Doc. No. 59-5), Defendants state Plaintiff provides no evidence that Trotter acted maliciously and sadistically for the purpose of causing harm, or that she caused any harm to him.

In his Plaintiff's Summary Judgment Motion (Doc. No. 65), which this Court also construes as his Response to Defendants' Motion, Chestang states that Trotter's actions of groping and rubbing him were not reasonably-permitted types of actions within the meaning of the ADC policy and the constitution.  In addition, Trotter's statement in his disciplinary charge contradicts her depiction of the incident in her Declaration, where she reported that she elbowed him in the upper stomach and slapped him in the face. (Doc. No.

2, p. 19) As a result of the incident, Plaintiff suffered a cut in his mouth, minor swelling and bleeding. Plaintiff denies that he touched Trotter when she struck him, stating that a significant amount of time passed between the time he slightly grabbed her coat and her conscious decision to strike him twice. (Doc. No. 65, p. 4) Plaintiff considers this type of force repugnant and in violation of his constitutional rights. In his additional response (Doc. No. 79), Plaintiff adds that the video footage of the second search shows that as Trotter rubbed on his legs, she was so close that her breast pressed against his back thigh. This unwanted sexual contact then triggered his reaction to grab her coat to gain her attention, and creates a genuine issue of fact concerning the appropriateness of her actions, according to Plaintiff. He also states that the video shows that Trotter struck him so hard on the side of his head that it caused him to re-adjust his body weight to re-gain his balance.

To support Plaintiff's sexual abuse claims against Trotter, he must show that "the conditions were objectively sufficiently serious or caused an objectively serious injury" to him, and that "defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety." Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). To support a claim of excessive force, Plaintiff must allege and prove that Trotter did not apply force in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). While the absence of serious injury to the Plaintiff is relevant, it is one factor to consider in determining "whether the use of force could plausibly have been thought necessary," and

might also indicate the amount of force applied. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986). Finally, "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 38 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

Because there is no video of the first incident, the Court will accept Plaintiff's version of the events as true. According to his Complaint, Trotter groped his shoulders and inner calf muscles up his thighs. In Berryhill, the Court held that a brief unwanted touch on the inmate's buttocks, unaccompanied by any sexual comments or banter, did not support an Eighth Amendment claim for sexual assault. 137 F.3d at 1076. The Court noted that "not 'every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action.'" Id. (quoting Hudson, 503 U.S. at 9). In addition, other courts have found that instances involving brief sexual touching during the course of a pat-down search do not rise to the level of an Eighth Amendment violation. See Alexander v. Steele Cty. Jail, No. 13-CV-796 SRN/FLN, 2014 WL 4384452 at *13-14 (D. Minn. 2014), where the court found no Eighth Amendment violation when an officer grabbed the inmate's penis and testicles during the pat-down, finding the search consistent with Jail procedures and no proof of any actual injury. See also the following other cases cited in Alexander: Tuttle v. Carroll Cnty. Detention Ctr., 500 F. App'x 480 (6th Cir.2010) (affirming district court's dismissal of a § 1983 claim for failure to state a constitutional claim where the plaintiff alleged a police officer "grabbed [the plaintiff's]

privates and squeezed them really hard" during a pat-down search); Rhoten v. Werholtz, 243 Fed. Appx. 364 (10th Cir.2007) (holding that plaintiff failed to state an Eighth Amendment claim in alleging that during a pat down search, an officer "slammed him against the wall, squeezed his nipples real hard, squeezed his buttocks, and pulled his testicles"); and Davis v. Castleberry, 364 F.Supp.2d 319, 321–22 (W.D.N.Y.2005) (holding that allegation of an officer grabbing an inmate's penis during a routine pat-down search did not state a constitutional claim and further stating that an effective pat-down search may require touching an inmate's genital area.

In light of Plaintiff's version of the first pat search and the case law cited above, the Court finds as a matter of law that no reasonable fact finder could find that the facts alleged by Plaintiff, construed in a light most favorable to him, establish the violation of a constitutional right. ADC policy provides for the use of pat searches of inmates as often as necessary to control contraband. (Doc. No. 59-2, p. 3) Plaintiff does not allege that Trotter made sexual comments or overtures to him during the first search, and he does not allege that she touched his genitals or any other "private" areas. Plaintiff also does not allege any injury from Trotter's actions. Therefore, the Court finds as a matter of law that the actions as depicted by Plaintiff were not objectively serious and that Defendant did not act with deliberate indifference or reckless disregard to his rights, health or safety.

With respect to the second search, Plaintiff adds in his response that Trotter allowed her breast to press against his back thigh during the course of the pat search.

According to the video of the second pat search (Doc. No. 59-5), the Court finds no evidence of improper touching or sexual assault. The video shows Plaintiff entering the infirmary with Trotter and Trotter briefing running her hands down the outside of his upper torso and legs. Even if her breast touched Plaintiff during this time, there is absolutely no evidence of intentional improper conduct. Similarly, the video shows that the amount of force Trotter used after Plaintiff grabbed her coat was nothing other than a good-faith effort to maintain or restore discipline. The video shows Plaintiff grabbing Trotter's coat from behind; Trotter then turned and pushed Plaintiff in the areas of both his chest and jaw. The video does not show any evidence of the type of force Plaintiff alleged that would cause him to lose his balance. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Again, the Court finds as a matter of law that no reasonable fact finder could find that the facts as alleged by Plaintiff establish a violation of a constitutional right.

      **2)    Kennie Bolden**

Plaintiff claims Bolden violated his due process rights when he failed to properly investigate the incident. To support this claim, Plaintiff must show that Bolden's "'failure to investigate was intentional or reckless, thereby shocking the conscience.'"

Winslow v. Smith, 696 F.3d 716, 731 (8th Cir. 2012) (quoting Cooper v. Martin, 634 F.3d 477, 481 (8th Cir. 2011)   Circumstances to support this type of behavior include evidence that the officer tried to coerce or threaten the inmate, evidence that investigators purposefully ignored evidence suggesting the inmate's innocence, and evidence of systematic pressure to implicate the inmate in the face of contrary evidence. Winslow, 696 F.3d at 732.  "Mere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process." Id.   However, in this case, Plaintiff is not clear about what Bolden failed to do, other than that no record exists of the investigation.  Plaintiff does not deny that Bolden viewed the video of the incident and interviewed him about it.   However, he complains that Trotter was not charged with any wrongdoing.  Based on the evidence in the record, and the Court's conclusions concerning Defendant Trotter's conduct, the Court finds as a matter of law that no reasonable fact finder could find that Plaintiff's allegation against Bolden establish the violation of a constitutional right.

### B.    Plaintiff's Motion

Because the Court finds that Defendants' Motion should be granted, Plaintiff's Motion should be denied.

### IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Summary Judgment Motion (Doc. No. 59) be GRANTED, and

Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

2. Plaintiff's Summary Judgment Motion (Doc. No. 64) be DENIED.

IT IS SO RECOMMENDED this 14th day of November, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE